GARY M. RESTAINO
United States Attorney
District of Arizona
ADAM D. ROSSI
Assistant United States Attorney
Arizona State Bar No. 028042
United States Courthouse
405 W. Congress Street, Suite 4800
Tucson, Arizona 85701
Telephone:  520-620-7300
Email: adam.rossi2@usdoj.gov
Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| United States of America,<br><br>                  Plaintiff,<br><br>          vs.<br><br> Gina Analy Santana-Suarez,<br><br>                  Defendant. | 4:21-CR-02451-JGZ-1<br><br>SENTENCING MEMORANDUM |
|---|---|

Plaintiff, United States of America, by its attorneys, GARY M. RESTAINO, United States Attorney, and ADAM D. ROSSI, Assistant United States Attorney, hereby submit its sentencing memorandum in the above-captioned matter. The sentencing hearing is currently scheduled for March 23, 2023, before the Honorable United States District Court Judge Jennifer G. Zipps.

Having reviewed the findings and recommendations in the Presentence Report (PSR), the government has no objection to the guideline calculations and concurs with the recommendations listed therein. The government respectfully requests that this Court accept the defendant's plea of guilty to the indictment in this matter.

In this case, the defendant has no criminal convictions, other criminal conduct, pending charges, or other arrests. PSR ¶¶ 34, 37-39. The defendant's conduct in this case, however, is very concerning. Here the defendant was observed accompanying a known human and firearms smuggler attempting, and ultimately succeeding, purchasing a firearm.

PSR ¶¶ 9, 11-14. The defendant went to three separate FFL's in order to obtain a firearm, including one location where the firearms smuggler was denied the purchase due to having a felony conviction. PSR ¶ 11. Santana-Suarez ultimately was able to purchase a Stoeger STR-9 pistol. PSR ¶ 14. A search of the firearms smuggler's phone revealed WhatsApp messages that showed this defendant attempted to use the firearms smuggler's phone to create a GunBroker.com account at the direction of the firearms smuggler. PSR ¶ 15.

This defendant was interviewed at the DeConcini Port of Entry about this purchase and first stated the firearm was for paintball, then for deer hunting. PSR ¶ 18. When confronted about these explanations, as neither use is a safe or realistic use for such a firearm, Santana-Suarez admitted she purchased the pistol on behalf of the firearms smuggler. *Id*. The defendant stated she did so out of desperation to pay her rent, and was paid $200. *Id*. Santana-Suarez admitted that she believed the gun was with the firearms smuggler in Mexico, and that she knew the firearms smuggler could not purchase firearms legally because the firearms smuggler "did something bad here" and had been in jail. *Id*. The defendant admitted trying to purchase a firearm for the firearms smuggler two previous times the same day, but had been rejected by the FFL's. *Id*.

The firearm the defendant acquired and believed to be transported into Mexico qualify as United States Commerce Control List items and therefore are prohibited by law for export from the United States into Mexico without a valid license. Neither the defendant nor any other individual involved in the export of this firearm had a license or any other lawful authority to export the firearm from the United States into Mexico. As the Court is aware, the illegal export of such firearms, ammunition, and firearms accessories are bound for the cartels in Mexico, and puts the citizens of Mexico and the United States in extreme danger. As noted by Probation, while naivety may be a factor for a variance, there are no other factors that would warrant a variance from this range, and in fact points out the basis for an upward departure for the danger the defendant caused by the purchase of this firearm. PSR ¶ 71, and pg. 14-15.

In summation, based on the nature of this serious offense and his role within it, but accounting for the defendant's lack of criminal history, a sentence of 10 months is appropriate. Therefore, the government would request the Court accept the defendant's plea of guilty, and impose the recommendations of Probation, including a term of 10 months imprisonment, to be followed by 3 years supervised release.

Based upon the nature of the current offense and the criminal history of the defendant, the sentence is sufficient, but not greater than necessary, to reflect the seriousness of the offense, promote respect for the law, and provide just punishment.

Respectfully submitted this 17th day of March, 2023.

GARY M. RESTAINO
United States Attorney
District of Arizona

s/ Adam D. Rossi
ADAM D. ROSSI
Assistant U.S. Attorney

Copy of the foregoing served electronically or by other means this 17th day of March, 2023, to:

Cheryl Inzunza Blum, Esq.,
Attorney for Defendant

- 3 -